No. 3921

Second Circuit

———

FLORSHEIM v. PENN ET UX.

———

(November 18, 1931. Opinion and Decree.)

———

See, also, 16 La. App. 592, 135 So. 82.

Cook & Cook and C. D. Egan, of Shreveport, attorneys for plaintiff, appellant.

Dickson & Denny, of Shreveport, attorneys for defendants, appellees.

DREW, J. Plaintiff sued for the cancellation of a lease on a certain 75-acre tract of land in Caddo parish, La., which was leased by plaintiff to defendants for farming purposes. The lease was for a period of three years beginning February 1, 1928, at a rental of $40 per month for the first eleven months and $50 per month thereafter, payable on the last day of each month. It provided that the lessees were to make all repairs at their expense and keep the property in good repair.

Plaintiff alleged a violation of the lease contract by defendants, setting out in detail the specific acts of defendants that constituted a breach of the contract of lease.

Defendants answered, denying failure to comply with the lease contract, and reconvened for the sum of $675, which they alleged plaintiff owed them as damages for failure to comply with the lease and for interference with defendants' enjoyment of the leased premises.

There was first a judgment in the lower court in favor of plaintiff, as prayed for, and rejecting defendants' reconventional demand. A new trial was granted for the purpose of hearing evidence on the reconventional demand of defendants, and, after this hearing, there was judgment in favor of plaintiff as prayed for, and in favor of defendants on the reconventional demand in the sum of $120. From the judgment on the reconventional demand, plaintiff appealed to this court; defendants did not appeal from the judgment in favor of plaintiff on the main demand, but answered the appeal praying that the judgment in their favor on the reconventional demand be increased to the amount originally prayed for. Therefore the judgment in favor of plaintiff on the main demand is not before us, and the only question for decision is the correctness of the judgment on the reconventional demand.

Plaintiff in reconvention claims $150 damages for loss of chickens they claim they would have raised had there been a sufficient water supply on the place. This claim is purely speculative, and there is no possible way for it to have been definitely proved, and was properly rejected by the lower court. Another item of damage alleged is $70 for loss of time attending court. This claim was properly disallowed as not an item of damage recoverable in a suit of this kind. The remaining items of damage alleged were $120 for work done on a well on the premises, $50 for water purchased to be used on the premises, and $360 for loss of part of the rented premises, due to defendants in reconvention taking possession of same and renting it to a third person.

Plaintiff in reconvention was required under the lease contract to make all repairs on the place, and therefore could not recover for the work done on the well, but, after doing work on the well in order to make it produce water, was entitled to the use of same, and it is shown that for a period of several weeks the well water was used in a swimming pool of defendants in reconvention, and plaintiff in reconvention was illegally deprived of the use of same for that period of time.

It is also undisputed that defendants in reconvention took possession of a part of the land covered by said lease and let it to a negro who planted it in cotton. This action was an illegal interference, and plaintiff in reconvention is entitled to recover damages therefor. The number of acres occupied by the negro varies, from the testimony, from six to sixteen acres. The time the land was occupied by the negro likewise varies, but it is a fact that he prepared the land, planted the cotton, chopped it out, and that the cotton grew to a height of about eighteen inches.

Although the opinion of the district judge does not set out how he arrived at the $120 damages, we feel sure it was based on the two items last above mentioned, and the amount awarded to defendant in reconvention, we think, does substantial justice as between the parties.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed; appellant to pay the cost of appeal.